UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Case No. 26-52675

HOPE C. PACK, *pro se*, Chapter 7

Debtor. Judge Thomas J. Tucker

______________________________________/

**ORDER DISMISSING CASE, AND BARRING THE DEBTOR FROM FILING ANY NEW BANKRUPTCY CASE UNTIL THE LATER OF THE FOLLOWING TWO DATES: (1) MAY 3, 2027, AND (2) THE DATE ON WHICH THE DEBTOR PAYS IN FULL THE $338.00 FILING FEE FOR THIS CASE**

On November 19, 2025, the Debtor filed a voluntary petition for relief under Chapter 7, commencing this case. But the Debtor is not eligible to be a debtor in this case, under 11 U.S.C. § 109(g)(2), which provides:

> (g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if–
> . . .
> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g)(2).

The Debtor was a debtor in a case pending within 180 days before filing this case: Case No. 23-49166, a Chapter 13 case which was voluntarily dismissed on motion of the Debtor on November 3, 2026. In that prior case, the creditor ACAR Leasing, LTD, d/b/a GM Financial Leasing filed two motions for relief from the automatic stay on November 29, 2023 and November 30, 2023 (Docket ## 25, 27 in Case No. 23-49166). Both of those motions were granted on December 19, 2023 (Docket ## 35, 36 in Case No. 23-49166).

The Court reiterates what it has held about § 109(g)(2) in numerous prior cases, including the case of *In re Turner*, 583 B.R. 910, 911 (Bankr. E.D. Mich. 2018):

> The Court agrees with the cases holding that (1) dismissal under § 109(g)(2) is mandatory when that statute applies; dismissal is not discretionary; and (2) it is irrelevant under § 109(g)(2) whether there is some causal link or nexus between the filing of a stay relief motion on the one hand, and the debtor's later voluntary dismissal of the case on the other hand. **Section 109(g)(2) applies, and requires dismissal, in every situation in which, in a prior case pending within 180 days before the filing of the present case, a creditor filed a motion for relief from stay and the debtor later voluntarily dismissed the case**, regardless of the debtor's good faith or whether there was any particular connection between the two events. *See Andersson v. Security Federal Savings and Loan of Cleveland (In re Andersson*), 209 B.R. [76-78 (B.A.P. 6th Cir.] 1997), and cases cited therein. The undersigned judge has so ruled in previous bench opinions, and adheres to that ruling now. *See, e.g., In re Sigh*, Case No. 09-62738, November 19, 2009 bench opinion at 5-6 (a copy of the transcript of that bench opinion, . . . is filed in the *Sigh* case at Docket # 42 . . .).
>
> *See also In re Steele*, 319 B.R. 518, 520 (Bankr. E.D. Mich. 2005) (McIvor, J.).

*Id.* (emphasis added) (citation omitted); *see also In re Donaldson*, 646 B.R. 807, 809 (Bankr. E.D. Mich. 2022) (same); *In re Boston*, 636 B.R. 483, 484 (Bankr. E.D. Mich. 2022) (same); *In re Galloway*, 638 B.R. 871, 872-73 (Bankr. E.D. Mich. 2022) (same); *In re Holloway*, 635 B.R. 149, 149-50 (Bankr. E.D. Mich. 2022) (same); *In re Baker*, 635 B.R. 147, 148 (Bankr. E.D. Mich. 2022) (same) *In re Bussell*, 626 B.R. 891, 892-93 (Bankr. E.D. Mich. 2021) (same); *In re Payton*, 626 B.R. 886, 888 (Bankr. E.D. Mich. 2021) (same); *In re Stachurski*, 613 B.R. 251, 252

(Bankr. E.D. Mich. 2020) (same).

Under § 109(g)(2), the Debtor is not eligible to be a debtor in any bankruptcy case until May 3, 2027, which is 181 days after the voluntary dismissal of Case No. 23-49166.

Accordingly,

IT IS ORDERED that this bankruptcy case is dismissed.

IT IS FURTHER ORDERED that the Debtor is barred from filing any new bankruptcy case at any time before May 3, 2027.

IT IS FURTHER ORDERED that in addition to the bar stated above, the Debtor is barred from filing any new case under the Bankruptcy Code, and the Clerk is directed not to accept for filing any further bankruptcy petition(s) by or on behalf of the Debtor, unless and until the Debtor first pays in full the $338.00 filing fee for this case.

**Signed on November 20, 2026**

**/s/ Thomas J. Tucker**

**Thomas J. Tucker**
**United States Bankruptcy Judge**